WO                                                                                                          SC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Paul Bryan De Los Rios,<br><br>    Petitioner,<br><br>vs.<br><br>Charles Ryan, et al.,<br><br>    Respondents. | No. CV 12-0839-PHX-GMS (DKD)<br><br>**ORDER** |

Petitioner Paul Bryan De Los Rios, who is confined in the Arizona State Prison Complex, Rynning Unit, in Florence, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. He has paid the $5.00 filing fee. The Court will require an answer to Grounds One and Two of the Petition and dismiss Ground Three.

**I.      Petition**

Petitioner was convicted by a jury in Maricopa County Superior Court, case #CR2001-15225, of first degree murder and two counts each of kidnapping and child abuse. Petitioner was sentenced to a life without the possibility of parole for the murder and lesser sentences for the other offenses. Petitioner's direct appeal was denied. (Doc. 1-1 at 107.) The Arizona Supreme Court denied his petition for review on June 30, 2009. (Doc. 1-2 at 15.) On July 27, 2007, the Superior Court denied Petitioner's petition for post-conviction relief. (Id. at 45.) The Arizona Court of Appeals denied Petitioner's petition for review on March 28, 2012. (Id. at 104.)

In his Petition, Petitioner names Charles Ryan as Respondent and the Arizona

TERMPSREF

1  Attorney General as an Additional Respondent. Petitioner raises three grounds for relief.
2  In Ground One, Petitioner alleges that he received the ineffective assistance of counsel in
3  several ways in violation of his federal constitutional rights and violation of the right to be
4  indicted by the grand jury, double jeopardy, due process, and equal protection. In Ground
5  Two, he alleges that counsel failed to provide him with complete copies of discovery in
6  violation of his due process and equal protection rights. In Ground Three, Petitioner alleges
7  that the Arizona Department of Corrections has denied him use of a law library in violation
8  of due process and equal protection.

9  Ground Three will be dismissed as discussed below. The Court will require
10 Respondents to answer Grounds One and Two of the Petition. 28 U.S.C. § 2254(a).

11 **II.    Ground Three**

12 In Ground Three, Petitioner asserts that he has been denied access to a law library.
13 Petitioner may not seek relief regarding conditions of confinement, such as denial of access
14 to the courts, pursuant to § 2254. Instead, he must file an action pursuant to 42 U.S.C.
15 § 1983. See Nelson v. Campbell, 541 U.S. 637, 643 (2004) ("constitutional claims that
16 merely challenge the conditions of a prisoner's confinement, whether the inmate seeks
17 monetary or injunctive relief, fall outside [the] core [of habeas relief] and may be brought
18 pursuant to § 1983"); Muhammad v. Close, 540 U.S. 749, 750 (2004) ("Challenges to the
19 validity of any confinement or to particulars affecting its duration are the province of habeas
20 corpus . . . ; requests for relief turning on the circumstances of confinement may be presented
21 in a § 1983 action."); Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (citing Preiser v.
22 Rodriguez, 411 U.S. 475, 484 (1973) (a civil rights action is the proper method to challenge
23 conditions of confinement)). Because Petitioner seeks relief as to his conditions of
24 confinement in Ground Three, that Ground will be dismissed.

25 **III.   Warnings**

26     **A.    Address Changes**

27 Petitioner must file and serve a notice of a change of address in accordance with Rule
28 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other

relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B. Copies

Petitioner must serve Respondents, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Petitioner must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Petitioner.

### C. Possible Dismissal

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Ground Three of the Petition is **dismissed**. (Doc. 1.)

(2) The Clerk of Court must serve a copy of the Petition (Doc. 1) and this Order on the Respondent and the Attorney General of the State of Arizona by certified mail pursuant to Rule 4, Rules Governing Section 2254 Cases.

(3) Respondents must answer Grounds One and Two of the Petition within 40 days of the date of service. Respondents must not file a dispositive motion in place of an answer but may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity. If the answer is limited to affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer. Failure to set forth an affirmative defense in an answer may be treated as a waiver of the defense. Day v. McDonough, 547 U.S. 198, 209-11 (2006). If not limited to affirmative defenses, the answer must fully comply with all of the requirements of Rule 5 of the Rules Governing Section 2254 Cases.

(4) Petitioner may file a reply within 30 days from the date of service of the

1 answer.

2   (5) This matter is referred to Magistrate Judge David K. Duncan pursuant to Rules
3 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and
4 recommendation.

  DATED this 16th day of May, 2012.

*A. Murray Snow*
G. Murray Snow
United States District Judge