IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul Bryan De Los Rios,<br><br>    Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CV-12-0839-PHX-GMS (DKD)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE G. MURRAY SNOW, UNITED STATES DISTRICT JUDGE:

    Paul Bryan De Los Rios filed a timely Petition for Writ of Habeas Corpus on April 23, 2012, challenging his convictions in Maricopa County Superior Court for two counts each of kidnapping and child abuse, and one count of first degree murder, and the imposition of four ten-year prison terms, to be served consecutively to each other and to a life sentence for the murder conviction. The incident resulting in the charged offenses and convictions involved the five-year-old daughter of his live-in girlfriend. In his habeas petition, De Los Rios raises two grounds for relief: (1) trial counsel rendered ineffective assistance by failing to object to an amended indictment; and (2) trial counsel failed to provide De Los Rios with complete copies of discovery. Respondents contend that the grounds are unexhausted and procedurally defaulted. The Court agrees and recommends that the petition be denied and dismissed with prejudice.

## BACKGROUND

The facts surrounding the convictions are summarized in the court of appeals memorandum decision:

> At trial, Appellant's biological son ("Son") testified that, on the morning of July 11, 2001, he awoke to the sound of Appellant's voice asking the victim to "give him some loving." Throughout the morning, Son observed ongoing conflict between Appellant and the victim, with Appellant punishing the victim by requiring her to stand with her hands against a wall in a push up position.
>
> After approximately one to two hours of requiring the victim to "grab the wall" throughout the apartment, Appellant asked the victim if she would "take a nap with him." Initially, the victim resisted, but she eventually complied and entered Appellant's bedroom to lie on Appellant's bed. Son saw Appellant climb on top of the victim as she struggled against him. The victim continued to thrash about, and Appellant began choking her until her eyes rolled back in her head and she urinated on the bed. Appellant proceeded to yell at the victim for urinating on the bed, and she was ordered to again "grab the wall" as punishment.
>
> Appellant asked the victim "if she had to pee and she said yes," and followed her into the bathroom. Next, Son observed Appellant on the bathroom toilet and the victim in the tub. Appellant sprayed the victim with the shower head as she complained about the hot temperature of the water. Son testified he saw the victim attempt to get out of the tub, then heard a thud, after which Appellant emerged from the bathroom and relocated to his bedroom. A few moments later, Appellant returned to the bathroom, and then came back out to retrieve the phone to call 911. Appellant carried the victim, now unconscious, out of the bathroom and into the hallway and administered CPR while on the phone with emergency services.
>
> Responding to a call classified as a child drowning, Officer Victor of the Glendale Police Department arrived first at Appellant's apartment. Officer Victor entered the apartment, where he found Appellant performing CPR on the naked body of the victim. Officer Victor attempted to find the victim's pulse, and finding none, took over CPR on the victim. When medical response personnel arrived, they took over resuscitation efforts, also noticing the victim did not have a heartbeat. The victim was then transported to the hospital, where she was pronounced dead. Both the prosecution and defense called a variety of medical experts and personnel, each providing contradictory testimony about the victim's cause and manner of death.

(Doc. 11, Exh A).

On direct appeal, De Los Rios raised the following claims: (1) the grand jury proceeding was flawed and the trial court improperly amended the indictment at trial; (2) the jury instruction defining "reckless," as included in the lesser included offenses, was

1  improper; (3) the trial court erred in not allowing De Los Rios to interview Son prior to trial;
2  (4) Son gave false testimony at trial as reflected by contradictory statements that were given
3  by a non-testifying witness; and (5) the State presented insufficient evidence to sustain the
4  verdicts (*Id*., Exh B).

5        On March 3, 2009, the court of appeals affirmed De Los Rios' convictions and
6  sentences; on June 30, 2009, the supreme court denied review (*Id*., Exh A). On November
7  10, 2008, De Los Rios filed a Notice of Post-Conviction Relief, and a subsequent Petition
8  for Post-Conviction Relief, raising one claim: the trial court erroneously denied a defense
9  motion to limit argument regarding the murder count, resulting in a improper amendment to
10 the indictment, thus denying him a grand jury determination of probable cause, the effective
11 assistance of counsel, and a unanimous jury verdict (*Id*., Exh D). On July 27, 2010, the trial
12 court dismissed the petition (*Id*., Exh E). De Los Rios petitioned for review in the court of
13 appeals, raising two claims: (1) the trial court improperly amended the indictment; and (2)
14 trial counsel rendered ineffective assistance by failing to challenge the amended indictment
15 (*Id.*, Exh F). On March 28, 2012, the court of appeals denied review (*Id.*, Exh G).

## EXHAUSTION OF REMEDIES

17       A state prisoner must exhaust his state remedies before petitioning for a writ of habeas
18 corpus in federal court. 28 U.S.C. § 2254(b)(1) & (c); *see Duncan v. Henry*, 513 U.S. 364,
19 365-66 (1995) ("If a habeas petitioner wishes to claim that an evidentiary ruling at a state
20 court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he
21 must say so, not only in federal court, but in state court."). *McQueary v. Blodgett*, 924 F.2d
22 829, 833 (9th Cir. 1991). To properly exhaust state remedies, a petitioner must fairly present
23 his claims to the state's highest court in a procedurally appropriate manner. *O'Sullivan v.*
24 *Boerckel*, 526 U.S. 838, 839-846 (1999). In Arizona, a petitioner must fairly present his
25 claims to the Arizona Court of Appeals by properly pursuing them through the state's direct
26 appeal process or through appropriate post-conviction relief. *Swoopes v. Sublett*, 196 F.3d
27 1008, 1010 (9th Cir. 1999); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994).

28

- 3 -

1    A claim has been fairly presented if the petitioner has described both the operative
2 facts and the federal legal theory on which the claim is based. *Bland v. Cal. Dep't of*
3 *Corrections*, 20 F.3d 1469, 1472-73 (9th Cir.1994), *overruled on other grounds by Schell v.*
4 *Witek*, 218 F.3d 1017, 1025 (9th Cir. 2000) (en banc); *Tamalini v. Stewart*, 249 F.3d 895,
5 898-99 (9th Cir. 2001). A state prisoner "must include reference to a specific federal
6 constitutional guarantee, as well as a statement of facts that entitle the petitioner to relief."
7 *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). The exhaustion requirement will not be
8 met where the Petitioner fails to fairly present his claims. *Roettgen*, 33 F.3d at 38.

9    If a petition contains claims that were never fairly presented in state court, the federal
10 court must determine whether state remedies remain available to the petitioner. *See Rose v.*
11 *Lundy*, 455 U.S. 509, 519-20 (1982); *Harris v. Reed*, 489 U.S. 255, 268-270 (1989)
12 (O'Connor, J., concurring). If remedies are available in state court, then the federal court
13 may dismiss the petition without prejudice pending the exhaustion of state remedies. *Id.*
14 However, if the court finds that the petitioner would have no state remedy were he to return
15 to the state court, then his claims are considered procedurally defaulted. *Teague v. Lane*, 489
16 U.S. 288, 298-99 (1989); *White v. Lewis*, 874 F.2d 599, 602-605 (9th Cir. 1989). The federal
17 court may decline to consider these claims unless the petitioner can demonstrate that a
18 miscarriage of justice would result, or establish cause for his noncompliance and actual
19 prejudice. *See Schlup v. Delo*, 513 U.S. 298, 321 (1995); *Coleman v. Thompson*, 501 U.S.
20 722, 750-51 (1991). *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986); *Wainwright v. Sykes*,
21 433 U.S. 72, 86 (1977); *United States v. Frady*, 456 U.S. 152, 167-68 (1982).

22    Further, a procedural default may occur when a Petitioner raises a claim in state court,
23 but the state court finds the claim to be defaulted on procedural grounds. *Coleman*, 501 U.S.
24 at 730-31. In such cases, federal habeas review is precluded if the state court opinion
25 contains a plain statement clearly and expressly relying on a procedural ground "that is both
26 'independent' of the merits of the federal claim and an 'adequate' basis for the court's
27 decision." *See Harris*, 489 U.S. at 260. A state procedural default ruling is "independent"
28

- 4 -

1 unless application of the bar depends on an antecedent ruling on the merits of the federal
2 claim. *See Ake v. Oklahoma*, 470 U.S. 68, 74-75 (1985); *Stewart v. Smith*, 536 U.S. 856
3 (2002). A state's application of the bar is "adequate" if it is "'strictly or regularly followed.'"
4 *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988) (quoting *Hathorn v. Lovorn*, 457 U.S. 255,
5 262-63 (1982)). In cases in which a state prisoner has defaulted his federal claims in state
6 court pursuant to an independent and adequate state procedural rule, just as in cases
7 involving defaulted claims that were not fairly presented, federal habeas review of the claims
8 is barred unless the prisoner can demonstrate a "miscarriage of justice" or "cause and actual
9 prejudice" to excuse the default. *See Coleman*, 501 U.S. at 750-51. To demonstrate a
10 "miscarriage of justice", the prisoner must show by clear and convincing evidence that a
11 reasonable juror could not find him guilty of the alleged offense. 28 U.S.C. § 2254(c)(2)(B);
12 *Schlup v. Delo*, 513 U.S. 298, 327 (1995). To demonstrate "cause", a prisoner must show
13 that an objective factor—outside of himself or his counsel—obstructed efforts to follow the
14 state's procedural rules. *Murray v. Carrier*, 477 U.S. 478 (1986). To demonstrate
15 "prejudice", the prisoner must show that the alleged constitutional violation "worked to his
16 actual and substantial disadvantage, infecting his entire trial with error of constitutional
17 dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982).

## DISCUSSION

19 In Ground One, De Los Rios argues that trial counsel rendered ineffective assistance
20 by failing to object to the improper amendment of the indictment. He failed to properly raise
21 this particular claim in state court. In his petition for post-conviction relief, he argued that
22 by denying defense counsel's motion to "limit argument and the court's instruction regarding
23 [the murder count]" and amending the indictment, "*the trial court* violated his right to...the
24 effective assistance of counsel." *See* Doc. 11, Exh D at 1-2. That is a different claim from
25 the one he is now making. For the first time in his petition for review, De Los Rios argued
26 that trial counsel rendered ineffective assistance by failing to challenge the amended
27 indictment. He specifically stated for the first time that:

- 5 -

> "court appointed counsel failed to inform the court that the court order dated 12-06-2006 did not address febrile seizure with or without drowning, fatal arrythmia, hyperthermia, sepsis, blunt force head injury, positional axphyxia, and unknown. Court appointed counsel failed to inform the court that it does not have the authority to issue an order stating '[t]herefore it is permissible for the State to proceed upon all available theories.'"

*See Id.*, Exh F at 4-5.

The presentation of one ground of ineffective assistance in the post-conviction petition does not exhaust other claims related to trial counsel's performance raised for the first time in the petition for review. *See Beaty v. Stewart*, 303 F.3d 975, 989-90 (9th Cir. 2002). The claim has not been fairly presented and is therefore unexhausted. *Roettgen*, 33 F.3d at 38.

In Ground Two, De Los Rios argues that trial counsel failed to provide him with complete copies of discovery. In his direct appeal, he argued that "[d]efense counsel adamantly refused to provide the defendant with a copy of his discovery." *See* Doc. 11, Exh A at 7-8. The court of appeals declined to address the claim because it related to De Los Rios' representation and was not properly before the court. *Id.* He made the same claim in his notice of post-conviction relief (*Id.*, Exh C at 8), but did not raise it in his subsequent pro se petition, or in his petition for review, and it is therefore unexhausted. *Roettgen*, 33 F.3d at 38.

Because De Los Rios would have no state remedy were he to return to the state court, his claims are considered procedurally defaulted. *Teague*, 489 U.S. at 298-99. He has not established cause and prejudice or a miscarriage of justice to excuse the default. *Coleman*, 501 U.S. at 750. De Los Rios has not suggested any external, objective factor that reasonably prevented him from properly raising his claims in state court. He asserts in his traverse that he is actually innocent, but does not elaborate. To establish a fundamental miscarriage of justice resulting in the conviction of one who is actually innocent, he must establish that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt *in light of new evidence*. *Schlup*, 513 U.S. at 327. De Los Rios

does not claim the existence of any new evidence, and has not established a claim of actual innocence to excuse the default.[1]

**IT IS THEREFORE RECOMMENDED** that Paul Bryan De Los Rios' Petition for Writ of Habeas Corpus be denied and dismissed with prejudice (Doc.1).

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

DATED this 24th day of April, 2013.

_____
David K. Duncan
United States Magistrate Judge

---

[1] A federal court in a habeas proceeding may find cause for a procedural default of an ineffective assistance claim when the claim was not properly presented in state court due to ineffective assistance of PCR counsel. *Martinez v. Ryan*, 132 S.Ct. 1309, 1313 (2012). De Los Rios filed a pro se post-conviction petition.

- 7 -