WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul Bryan De Los Rios,<br><br>              Petitioner,<br><br>v.<br><br>Charles L. Ryan, Director of the Department of Corrections, et al.,<br><br>              Respondents. | No. CV-12-00839-PHX-GMS<br><br>**ORDER** |

Pending before the Court are Petitioner Paul Bryan De Los Rios's Petition for Writ of Habeas Corpus (Doc. 1) and Petitioner's Motions to Produce Documents. (Docs. 24-25.) Magistrate Judge David K. Duncan issued a Report and Recommendation ("R&R") in which he recommended that the Court deny the petition with prejudice. (Doc. 13.) De Los Rios filed objections to the R&R. (Doc. 23.) Because objections have been filed, the Court will review the petition de novo. *See United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). For the following reasons, the Court accepts the R&R and denies the petition. The Court also denies De Los Rios's Motions to Produce Documents.

## BACKGROUND

De Los Rios was convicted by a jury in Maricopa County Superior Court, case #CR2001-14225, of first degree murder and two counts each of kidnapping and child

abuse. (Doc. 11, Ex. A at 5.) De Los Rios was sentenced to natural life in prison for the charge of first degree murder and consecutive terms of ten year's incarceration for each of the kidnapping and child abuse charges, to be served consecutive to the life sentence. (*Id.*) De Los Rios filed a timely notice of appeal. (*Id.*)

De Los Rios's counsel filed an *Anders* brief on October 31, 2008, stating that he found no arguable question of law that is not frivolous. (*Id.*, Ex. A, B.) De Los Rios, as permitted by Arizona law, then filed a supplemental brief pro se. (*Id.*) In his brief, he raised the following claims: (1) the grand jury proceeding was flawed and the trial court had improperly amended the indictment at trial; (2) the jury instruction defining "reckless," as set out in the lesser included offenses, was improper; (3) the trial court erred in not allowing De Los Rios to interview Son, who testified for the State, prior to trial; (4) Son gave false testimony at trial as reflected by contradicting statements given by a nontestifying witness; and (5) the State presented insufficient evidence to sustain the verdicts. (*Id.*) The Court of Appeals affirmed De Los Rios's convictions and sentences on March 3, 2009. (*Id.,* Ex. A.) The Arizona Supreme Court denied review on June 30, 2009. (*Id.*)

De Los Rios filed a Notice of Post-Conviction Relief on November 10, 2008, and a subsequent Petition for Post-Conviction Relief. (*Id.*, Ex. D.) The petition raised one claim: that the trial court had erred in denying a defense motion to limit argument regarding the murder count, resulting in an improper amendment to the indictment and thus denying him a grand jury determination on probable cause, the effective assistance of counsel, and a unanimous jury verdict. (*Id.*) On July 27, 2010, the Superior Court dismissed the petition for post-conviction relief. (*Id.*, Ex. E.)

De Los Rios then petitioned for review of the denial of his petition at the Arizona Court of Appeals, raising two claims: (1) the trial court improperly amended the indictment; and (2) trial counsel rendered ineffective assistance by failing to challenge the amended indictment. (*Id.*, Ex. F.) The Arizona Court of Appeals denied review on March 28, 2012. (*Id.*, Ex. G.)

De Los Rios filed the instant petition for writ of habeas corpus on April 23, 2012. (Doc. 1.) In his petition, De Los Rios names Charles Ryan as Respondent and the Arizona Attorney General as an Additional Respondent. He cites three grounds for relief: (1) trial counsel rendered ineffective assistance by failing to object to an amended indictment; (2) trial counsel failed to provide De Los Rios with complete copies of discovery; and (3) The Arizona Department of Corrections denied him use of the law library. (Doc. 1.) This Court subsequently dismissed Ground Three in its May 16, 2012 order. (Doc. 4.)

Magistrate Judge Duncan issued an R&R on April 24, 2013, in which he recommended denial of the petition with prejudice. (Doc. 13.) De Los Rios filed his objections to the R&R on July 16, 2013, (Doc. 23), and the Court will now review the petition de novo.

## DISCUSSION

**I.    LEGAL STANDARD**

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3)(2006). Review of Petitions for Habeas Corpus is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Id.* U.S.C. § 2244 et seq.

A petitioner is required to exhaust his claim in state court before seeking federal habeas relief. 28 U.S.C. § 2254(b)(1)(A). To satisfy that requirement, a petitioner must "give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). In Arizona, a petitioner is required to "fairly present" all claims he seeks to assert in his habeas proceeding first to the Arizona Court of Appeals either through direct appeal or the State's post-conviction relief proceedings. *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999).

For a petitioner to have fairly presented his claims to the appropriate state courts, he must have described the operative facts and the federal legal theory that support his

specific claim. *See Baldwin v. Reese*, 541 U.S. 27, 29, 31 (2004); *Scott v. Schriro*, 567 F.3d 573, 582 (9th Cir. 2009) (per curiam) ("Full and fair presentation . . . requires a petitioner to present the substance of his claim to the state courts, including a reference to a federal constitutional guarantee and a statement of facts that entitle the petitioner to relief."), *cert. denied sub nom Ryan v. Scott*, 558 U.S. 1091 (2009).

If a petitioner has failed to "fairly present" his federal claims to the state courts—and has therefore failed to fulfill AEDPA's exhaustion requirement—the habeas court must determine whether state remedies are still available for the petitioner; if not, those claims are procedurally defaulted. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) ("[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred[,] . . . there is a procedural default for purposes of federal habeas . . . .").

A habeas court will consider claims that the petitioner has procedurally defaulted only if he can demonstrate (1) cause for his failure to comply with state rules and actual prejudice or, in the very rare instance, (2) a miscarriage of justice. *See Dretke v. Haley*, 541 U.S. 386, 388–89 (2004). "Cause" means "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Even if a petitioner demonstrates cause for a procedural default, he must nevertheless show "prejudice" or that the supposed constitutional error "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982). Finally, a miscarriage of justice is shorthand for a situation "where a constitutional violation has 'probably resulted' in the conviction of one who is 'actually innocent' of the substantive offense." *Dretke*, 541 U.S. at 393 (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

/ / /

/ / /

## II. APPLICATION

Magistrate Judge Duncan correctly concluded that De Los Rios's claims are both unexhausted and procedurally defaulted.

### A. Exhaustion

#### 1. Ground One: Ineffective Assistance of Counsel

In Ground One, De Los Rios argues that trial counsel rendered ineffective assistance in failing to object to the amended indictment. De Los Rios failed to properly raise this particular claim in state court and thus has not exhausted the claim. In his petition for post-conviction relief, he argued that in denying defense counsel's motion to limit argument regarding the murder count, resulting in an improper amendment to the indictment, the *trial court* denied him the effective assistance of counsel. (Doc. 11, Ex. D at 1–2.) That is a different claim from Ground One in the instant petition. De Los Rios raised the claim in Ground One for the first time in his petition for review of the denial of his petition for post-conviction relief to the Arizona Court of Appeals. (*Id.*, Ex. F at 4–5.) The presentation of one ground of ineffective assistance in the post-conviction proceeding does not exhaust other grounds related to counsel's performance and raised for the first time in a petition for review. *See Beaty v. Stewart*, 303 F.3d 975, 989–90 (9th Cir. 2002). Therefore, Ground One was not fairly presented and is unexhausted.

#### 2. Ground Two: Counsel's Failure to Provide Complete Copies of Discovery

In Ground Two, De Los Rios claims that trial counsel failed to provide him with complete copies of discovery. De Los Rios made this argument on direct appeal, but the Court of Appeals declined to address the claim because it related to De Los Rios's representation and was not properly before the court. (Doc. 11, Ex. A at 7–8.) De Los Rios made the same claim in his notice of post-conviction relief (*Id.*, Ex. C at 8), but he did not actually raise the claim in his subsequent pro se petition or in his petition for review. Therefore, Ground Two was not fairly presented and is unexhausted.

/ / /

## B. Procedural Default

De Los Rios would have no state remedy were he to return to state court and thus his claims are procedurally defaulted. The Court will not consider his procedurally defaulted claims as he has neither established cause and prejudice nor a miscarriage of justice to excuse the default. *Dretke*, 541 U.S. at 388–89.

To establish cause, De Los Rios must show that he was prevented from complying with the procedural rule by the ineffective assistance he received. However, his claims of ineffective assistance do not relate to his failure to exhaust either of his current claims. Further, De Los Rios filed his post-conviction petition pro se. Thus, De Los Rios has not shown that it was his counsel's deficient performance that prevented him from fairly presenting either his ineffective assistance claim or claim regarding the failure to provide complete copies of discovery to state court. De Los Rios does not raise any other claims or facts that could constitute cause. The Court need not examine the existence of prejudice if the petitioner fails to establish cause. *Engle v. Isaac,* 456 U.S. 107, 134 n. 43 (1982); *Thomas v. Lewis,* 945 F.2d 1119, 1123 n. 10 (9th Cir. 1991).

De Los Rios asserts that the violations asserted in his petition amount to a miscarriage of justice. (Doc. 23 at 5–6.) A successful miscarriage of justice claim requires a showing that the constitutional violations "'probably resulted' in the conviction of one who is 'actually innocent' of the substantive offense." *Dretke*, 541 U.S. at 393. That, in turn, requires presentation of new evidence that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 327. De Los Rios asserts that he is actually innocent, but he does not elaborate. (Doc. 23 at 6.) He provides no new evidence to support this assertion.

Further, procedural errors like those raised by De Los Rios are insufficient to make a showing of miscarriage of justice. Only new evidence that shows that no reasonable juror would have found Petitioner guilty beyond a reasonable doubt will suffice. In the absence of such evidence, De Los Rios fails to establish a miscarriage of justice.

Accordingly, both Grounds One and Two of De Los Rios's petition are procedurally defaulted.

**CONCLUSION**

De Los Rios's claims in Ground One and Ground Two are unexhausted and procedurally defaulted. Thus, the Court denies his petition. The Court also denies De Los Rios's Motions to Produce Documents as they are now moot.

**IT IS THEREFORE ORDERED** that Magistrate Judge Duncan's Report and Recommendation (Doc. 13) is **ACCEPTED**.

**IT IS FURTHER ORDERED** that Paul Bryan De Los Rios's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal is **DENIED** because De Los Rios has not made a substantial showing of the denial of a constitutional right.

**IT IS FURTHER ORDERED** De Los Rios's Motions to Produce Documents (Docs. 24-25) are **DENIED**. The Clerk of Court is directed to terminate this action and enter judgment accordingly.

Dated this 23rd day of September, 2013.

/s/ A. Murray Snow
G. Murray Snow
United States District Judge